IN THE MATTER OF THE PETITION OF FANNY LEVY TO VACATE AN ASSESSMENT FOR PAVING FORTIETH STREET, BETWEEN THIRD AND MADISON AVENUES.

*Chap.* 137, *of* 1870, § 20—*publication required by — when it must be made — effect of an omission to make it.*

Under chapter 137, of 1870, requiring the publication of certain ordinances and resolutions passed by the board of aldermen and assistant aldermen of New York, publication must be made of the resolution introduced or passed in the respective boards, and cannot be made before that time. It is not notice of the intention to introduce or pass it, but the fact that it has been introduced or passed which is to be published.

APPEAL from an order made at the Special Term, vacating an assessment for the repairing of Fortieth street, between Third and Madison avenues, in the city of New York.

The resolution for the work was introduced into the board of aldermen January 9th, 1871; adopted March eleventh; introduced into board of assistant aldermen, April twenty-fourth, and adopted April twenty-seventh. It was proved that the resolution was not published after its introduction and before its passage, as required by law, but the counsel for the corporation claimed that such publication could be made at any time after its passage in the board of aldermen and before its passage in the board of assistant aldermen.

*E. D. Smith* and *Wm. Barnes*, for the corporation, appellant.

*Neville & Andrews*, for the petitioner, respondent.

BRADY, J. :

The statute of 1870 (Laws of 1870, p. 369, § 20), requires the publication of each ordinance or resolution which shall be passed or introduced in the respective boards, and it declares that no vote shall be taken in either board·upon the passage of an ordinance or resolution, which shall contemplate any specific improvement, or involve the sale, disposition, or appropriation of public property, or the expenditure of public moneys or income therefrom, or lay any tax or assessment, until after such notice shall have been pub-

lished three days. For the purposes of this appeal, it is not necessary to recite the rest of the section. (Sec. 20.) It clearly appears, in this matter, that no publication of the resolution involved in these proceedings, introduced and passed in the board of assistant aldermen, was made in any one of the papers designated by the common council, either under the acts of 1868, 1870 or 1871. (Laws of 1868, p. 2007; Laws of 1870, p. 882; Laws of 1871, p. 1231.) The resolution was introduced in the board of assistant aldermen on the 24th of April, 1871, and adopted April 27th, 1871. The papers designated at this time were The Democrat, The Leader, The Citizen and The Atlas. It was not published in any one of these papers. The Transcript, another paper, was not designated until the 25th of April, 1871, and could not have contained the resolution in time. The publication must be made of the resolution introduced or passed in the respective boards, and cannot be made before that time. It is not notice of the intention or design to introduce or pass it, but the fact that it has been introduced or passed, which is to be published; and, although the introduction or passage of a resolution may be published on the same day of its introduction or passage, its publication must be at least three days before it can be voted upon. The direction is mandatory and not directory (*Matter of Smith*, 52 N. Y., 526), and the omission to comply with the requirement renders the assessment void. (Id.) This being a case of repavement, we discover in the papers nothing to prevent this result, and it becomes our duty to affirm the order made at the Special Term. The precise question discussed has not been considered in any case that I have found, or to which we were referred. The rules established by the decisions of the court of last resort are such that the omission of any prerequisite like the one mentioned must invalidate the assessment.

DANIELS, J., concurred.

Order affirmed, with ten dollars costs.